Laurie L. COPE, Plaintiff–Appellee,

v.

UNITED CAPITAL MORTGAGE, Defendant–Appellant.

No. 99–17636.

D.C. No. CV–97–01524–JBR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 18, 2001.

Decided May 29, 2001.

---

Before NOONAN and SILVERMAN, Circuit Judges, and LASNIK,* District Judge.

## MEMORANDUM **

Appellant United Capital Mortgage Corporation ("United Capital") appeals the district court's award of attorney fees and costs to appellee Laurie Cope ("Cope").*** United Capital contends that the award of fees and costs to Cope was disproportionate to her success in her Title VII discrim-

ination claim. Because the jury decided that United Capital's decision to terminate Cope was based on a mixed motive, her pregnancy and other legitimate nondiscriminatory reasons, United Capital contends that Cope's fees and costs should have been reduced substantially to reflect the degree of her success. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Cope began working as a loan processor for United Capital in its Las Vegas office around March 1996. On March 11, 1997, when Cope was five months pregnant, she was terminated. Cope filed suit in district court and alleged that United Capital terminated her because she was pregnant, in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e). A three day jury trial was held and the jury found that Cope's termination was based on a mixed motive. The district court entered judgment in favor of Cope and against United Capital. It also awarded Cope costs in the amount of $1,901.25 (she had requested $2,081.25 in costs) and attorney's fees in the amount of $21,084.15 (she had requested $35,006.80 in fees).

■ This court reviews the district court's award of attorney fees under an abuse of discretion standard. *See Norris v. Sysco Corp.*, 191 F.3d 1043, 1047 (9th Cir.1999). The court reviews the district court's legal analysis de novo. *See id.* In *Norris v. Sysco Corp.*, 191 F.3d 1043 (9th Cir.1999), this Circuit recently addressed

---

* The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*** United Capital also appeals the district court's order vacating judgment and entering judgment for Cope. Case law clearly supports the district court's action. *See, e.g., Sheppard*

*v. Riverview Nursing Center, Inc.*, 88 F.3d 1332 (4th Cir.1996) (court entered declaratory judgment for employee who prevailed in mixed motive claim); *Canup v. Chipman–Union, Inc.*, 123 F.3d 1440 (11th Cir.1997) (court entered judgment in favor of employee where mixed motive established in Title VII race discrimination case). Therefore, the district court's order vacating its original judgment and entering judgment for Cope is affirmed.

the issue of what factors a district court should consider in the award of attorney's fees in a Title VII case. We adopted the approach of the landmark case on this issue, *Sheppard v. Riverview Nursing Center, Inc.*, 88 F.3d 1332 (4th Cir.1996). In *Sheppard*, the Fourth Circuit held that a fee award should be proportionate to a plaintiff's success and it devised certain factors that would help gauge proportionality, including: why other relief was not awarded, what public interest was served, how ubiquitous and wrongful the defendant's conduct was, and the strength of the discriminatory motive and other motives that played a role in the termination decision. *See id.* at 1336–39. This Circuit held that "*Sheppard* states the correct rule" and that *Sheppard's* list of factors was useful but not comprehensive or even applicable to every case. *Norris*, 191 F.3d at 1051–52.

Here, the district court clearly enunciated in its January 14, 2000 Order the reasons for its decision to award substantial attorney's fees to Cope. It stated:

> The Court finds that Plaintiff's proof that Defendant discriminated against her due to her pregnancy served this important public goal. An attorney's fee award was therefore proper in this case. The jury expressly found that the Defendant engaged in discriminatory conduct. The fact that the same action would have been taken in the absence of discriminatory motive does not negate the fact that discrimination occurred.

Defendant contends that even if Plaintiff was entitled to a fee award, the Court erred in not applying the proportionality test required by *Sheppard v. Riverview Nursing Center, Inc.*, 88 F.3d 1332, 1333–34 (4th Cir.1996). The Ninth Circuit found considerations mentioned by the *Sheppard* court useful, but explained that the factors listed by *Sheppard* are neither comprehensive, nor exclusive, nor required in every case. *Norris*, 191 F.3d at 1052.

■ The district court's analysis demonstrate that it was cognizant of and took into account the holding of *Norris* in its award of attorney's fees. It found that Cope's lawsuit furthered an important public goal. It also found that Cope's termination was motivated by her pregnancy and by necessary staff reductions on the part of United Capital. Cope's actions did not constitute a legitimate reason for her termination (e.g., excessive absences, unsatisfactory performance). Accordingly, the district court found that a further reduction in attorney's fees based upon *Sheppard's* proportionality factors was not warranted. The district court did not abuse its discretion.

AFFIRMED.